CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 17 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARK S. POFF, )
                )   Civil Action No. 7:00CV00102
   Plaintiff, )
                )
v. )   **MEMORANDUM OPINION**
                )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )   By:   Honorable Glen E. Conrad
                )         United States District Judge
   Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Mark S. Poff, was born on September 24, 1963 and eventually completed his high school education. Mr. Poff has worked as a truck driver, loading dock laborer, construction laborer, and poultry farm worker. Apparently, he last worked on a regular basis in 1990. On July 26, 1996, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Poff alleged that he became disabled for all forms of substantial gainful employment on December 26, 1990 due to back problems, back pain radiating into the left leg, leg weakness, depression, and

anxiety. Mr. Poff now maintains that he has remained disabled to the present time. In the most recent final decision of the Commissioner, it was determined that plaintiff met the insured status requirements of the Act through the first quarter of 1997, but not thereafter. See, generally, 42 U.S.C. §§ 414 and 423. Consequently, Mr. Poff is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before March 31, 1997. See, generally, 42 U.S.C. § 423.

Mr. Poff's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 12, 1998, the Law Judge also determined that Mr. Poff was not disabled prior to the termination of insured status. The Law Judge found that plaintiff experienced severe residuals of a herniated nucleus pulposa secondary to traumatic back injury, diskectomy, and spinal fusion surgery; early onset of cervical degenerative disk disease; cervical syndrome with fibromyalgia; acute adjustment disorder; and situational depression. Given this combination of impairments, the Law Judge ruled that plaintiff was disabled for all of his past relevant work activities. However, the Law Judge determined plaintiff retained sufficient functional capacity for light exertion. Given a residual functional capacity for light exertion, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that Mr. Poff remained capable of performing several specific light work roles existing in significant number in the national economy at all relevant times prior to the termination of insured status. Accordingly, the Law Judge ultimately concluded that plaintiff was not disabled, and that he was not entitled to a period of disability and disability insurance benefits. See, generally, 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security

Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Poff then appealed to this court.

By memorandum opinion and order entered October 26, 2000, the court remanded Mr. Poff's case to the Commissioner for consideration of new medical evidence. The court summarized the evidence before the Law Judge as follows:

> Plaintiff was injured on November 26, 1990 when a battery weighing 100 pounds fell, causing him serious injury and leaving his legs numb for nearly fifteen minutes. On February 12, 1991, he had a diskectomy at L5-S1. His recuperation was complicated by a post operative wound infection and debridement. Plaintiff continued to have symptoms, and he eventually underwent another surgical procedure in October of 1992 for a fusion of the implicated vertebral bodies. Mr. Poff complained of continuing symptoms after the second procedure, including low back discomfort radiating into the left leg and accompanied by a bilateral sensory loss in the hips and cervical spine. Plaintiff participated in a work hardening program and pain management regimen. While a physical therapist deemed plaintiff capable of returning to work in December of 1993, Mr. Poff has consistently contended that his pain is disabling, and that his doctors have understated the extent of his mechanical defect. Mr. Poff has also complained of depression and anxiety, and has been evaluated by both a psychiatrist and a psychologist.

The court remanded the case based on new reports which indicated that Mr. Poff's fusion at L4-S1 had failed, and that he continued to experience bulging at L3-4. The new evidence included documentation of a third back surgery for refusion of the affected disks. The new evidence tended to support plaintiff's claim of severe and unrelenting back pain, even after the first two surgical procedures.

Following entry of the order of remand, the case was reassigned to the same Administrative Law Judge for supplemental proceedings. A second administrative hearing was conducted on September 12, 2001. At that supplemental hearing, Dr. Ward Stevens appeared as a medical advisor. The Administrative Law Judge rendered a second opinion on December 18, 2001. The Law Judge

3

relied heavily on the medical opinion from Dr. Stevens in concluding that Mr. Poff was entitled to a closed period of disability.

Stated succinctly, Dr. Stevens opined that Mr. Poff was totally disabled for all forms of substantial gainful employment from December 26, 1990 through April 30, 1993, the end of the recuperation period following the second surgical procedure. Citing reports from the treating neurosurgeon, Dr. Stevens indicated that the spinal fusion was successful, and that Mr. Poff experienced improvement in him symptoms. As for the new medical evidence, Dr. Stevens indicated that there was some worsening of plaintiff's condition in the late 1990s. Dr. Stevens observed that studies during that later period revealed a degenerative disk and narrowing at the L4-L5 level, and possibly a nonunion of the fusion at L5-S1, though Dr. Stevens doubted the existence of any nonunion. Dr. Stevens noted that Dr. Gregory Riebel performed an L4-5 decompression and fusion on March 16, 2000. Dr. Stevens testified to the effect, however, that plaintiff's back condition became "a bigger problem" sometime after February of 1998.[1] (TR 385).

As previously noted, the Law Judge adopted Dr. Stevens' opinion and concluded that Mr. Poff was entitled to a closed period of disability from December 26, 1990 through April 30, 1993. The Law Judge found that Mr. Poff regained the capacity for lighter forms of work activity beginning on May 1, 1993, and that he retained the capacity to perform these alternate work roles throughout the remaining period of his insured status.[2] As for Dr. Riebel's most recent surgical procedure, the Administrative Law Judge found that any disability associated with accentuated back problems did

---

[1] The court agrees with plaintiff's contention that Dr. Stevens' comments can be read to indicate that the medical advisor believed that plaintiff again became disabled in or around February of 1998.

[2] Based on the additional quarters of coverage afforded by the closed period, the Administrative Law Judge found that plaintiff's insured status extended through September 30, 1998.

4

not occur until after termination of insured status. Mr. Poff then sought review of the Administrative Law Judge's opinion by the Social Security Administration's Appeals Council.

The Appeals Council produced an opinion on March 5, 2004. The Appeals Council concurred in the Administrative Law Judge's evaluation of the medical evidence. However, the Appeals Council rejected the Law Judge's finding that Mr. Poff is entitled to a closed period of disability. The Appeals Council noted that the closed period of disability found by the Law Judge ended on April 30, 1993, more than twelve months prior to the date of plaintiff's application for benefits on July 26, 1996. Citing 20 C.F.R. § 404.320(b)(3), the Appeals Council properly recognized that in order to meet all of the conditions for entitlement to benefits, a claimant must file an application no later than twelve months after the month in which the claimant's period of disability ended. As for the later period of time, the Appeals Council agreed that Mr. Poff had failed to establish that he became disabled for a second time prior to the termination of his insured status.[3] Thus, the Appeals Council concluded that Mr. Poff is not entitled to a closed period of disability, a new period of disability, or disability insurance benefits. The opinion of the Appeals Council now stands as the final decision of the Commissioner. Inasmuch as the earlier order of remand in this case was entered pursuant to "sentence six" of 42 U.S.C. § 405(g), the case has been reinstated on the active docket of the court. See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The court agrees with most of the opinion rendered by the Appeals Council. Based on the reports from the surgeon who performed

---

[3] Having found no entitlement to a closed period of disability, the Appeals Council used the original termination of insured status date of March 31, 1997.

5

the second surgical procedure, as well as Dr. Stevens' testimony at the supplemental administrative hearing, the court finds substantial evidence to support the Commissioner's determination that Mr. Poff regained the capacity to perform some forms of substantial gainful employment as of May 1, 1993. The court also believes that the Appeals Council properly determined that Mr. Poff could not be entitled to a closed period of disability for the period between December 26, 1990 and April 30, 1993, inasmuch as he did not file an application within twelve months after the termination of the closed period of disability. See 20 C.F.R. § 404.320(b)(3). However, the court believes that the Administrative Law Judge and the Appeals Council erred in finding that Mr. Poff did not again become disabled prior to the termination of insured status. Based on the reports from the rehabilitation and pain specialist who saw Mr. Poff during the period of exacerbation of plaintiff's subjective discomfort in early 1995, the court finds that Mr. Poff has met the burden of proof in establishing that he again became disabled for all forms of substantial gainful employment on April 17, 1995, well before the termination of his insured status on March 31, 1997.

As suggested above, Mr. Poff continued to complain of severe and unrelenting back pain even after his recuperation following the second surgical procedure in 1992. During this period, plaintiff had unsuccessful work attempts. Mr. Poff self-referred to Dr. Murray E. Joiner, Jr. for treatment of his continuing back pain. Dr Joiner is a rehabilitation and pain specialist. Upon initial examination of Mr. Poff, Dr. Joiner summarized plaintiff's medical history as follows:

> The patient is a 31 year old white male status post work related accident 12/26/90 where he was loading a truck. He was ultimately diagnosed with herniated disc. He ultimately underwent lumbar laminectomy approximately 1/20/91 complicated by staff infection. He subsequently underwent incision and drainage with wound allowed to close by secondary union. He was treated with i.v. antibiotics for eight weeks. He reports persistent low back and left lower extremity pain extending into his foot. He has been in physical therapy times three different occasions. He

ultimately underwent second laminectomy with antebody L5-S1 fusion 10/2/92 secondary to persistent disc. He reports some decreased pain in the low back and brief decreased right lower extremity pain for a few months. He then went to a pain program at Radford. He reports the most helpful activities were swimming and whirlpool. He denies epidurals, p.o. steroids, Tegretol, Dilantin, trigger point injections, etc. He has been on Vicodin immediately post op and Lorcet Plus. He reports 1/20/95 he was admitted to Lewis Gale Psyche Center secondary to severe depression. He was seeing psychologist and psychiatrist. He was [sic] reports he has seen up to 28 different doctors since his initial injury. He reports that most have recommended that he live with it. He reports 1/16/95 acute increase in bilateral lower extremity pain. He saw a local medical physician who ordered MRI of the LS spine which revealed mild diffuse disc at L4-5 with associated mild to moderate bilateral facet hypertrophy, enhancing tissues around the left S1 and 2 nerve roots and L5-S1 level compitable [sic] with scarring, and a left pericentral disc bulge at L5-S1 which is unchanged from prior MRI of 7/10/91.

The patient presents today complaining of constant toothache-like left low back pain with radiation down the posterior thigh, anterior shin, into the first and second toes. He reports cramp in the calf. He reports occasional numbness over the lateral calf. He reports increased pain with driving, going up and down stairs, twisting, bending, coughing, lifting, bowel movements and sex. He reports decreased pain with heat, hot baths, and massage. (TR 451).

Based on plaintiff's medical history and the persistence of lower back symptomatology, Dr. Joiner indicated that Mr. Poff possessed a poor prognosis and that it was very unlikely that plaintiff would return to the work place in a "viable manner." (TR 453).

Given Dr. Joiner's medical observations, the court believes that Mr. Poff has met the burden of proof in establishing the onset of a new period of disability as of April 17, 1995. Moreover, considering the fact that plaintiff's persistent back problems eventually led to a third surgical procedure followed by an undisputed and continuing course of disability, the court finds that plaintiff has met the burden of proof in establishing that his period of disability has extended at least through the time of the most recent final decision of the Commissioner.

7

In passing, the court notes that the opinions of the Administrative Law Judge and Appeals Council fail to address the most cogent aspect of plaintiff's claim. This is not a case in which a claimant alleges disability on the basis of a condition for which he has not sought reasonable medical treatment. This is not a case in which the claimant has proven reluctant to accede to invasive measures in an effort to control complaints of severe and unrelenting pain. Indeed, the undisputed medical evidence establishes that Mr. Poff has willingly undergone three expensive, debilitating, and physically taxing surgical procedures in an effort to relieve his complaints of back pain. Plaintiff has participated in physical therapy regimens on three separate occasions. He has been to several different pain clinics, and he has undergone numerous epidural injections in an attempt to control his symptoms. By Dr. Joiner's count, plaintiff has sought treatment from 28 different doctors since his initial injury. He has seen a psychologist and psychiatrist for depression related to his subjective discomfort. In short, contrary to the finding of the Commissioner, this is not a case in which the plaintiff's complaints of severe pain are unsubstantiated. If for no other reason than his willingness to seek out medical treatment, and to undergo involved medical procedures, Mr. Poff's complaints are clearly consistent with his medical history and his course of treatment. To the extent of the Commissioner's finding that plaintiff's complaints of disabling pain are not credible, the court finds that the Commissioner's final decision is simply not supported by substantial evidence. The court finds that Mr. Poff has met the burden of proof in establishing entitlement to a continuing period of disability and disability insurance benefits. The court finds that Mr. Poff has met the burden of proof in establishing disability onset as of April 17, 1995.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must

therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing entitlement to a period of disability and disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed. The Commissioner shall compute and award such benefits as may be due plaintiff as a result of the court's judgment. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 17th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE